IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOHN T. GRAMMAR, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT MELNIK, MARY ELIZABETH )<br>MELNIK , FIRST  BANK PUERTO RICO )<br>and GOVERNMENT OF THE VIRGIN )<br>ISLANDS, )<br>)<br>        Defendants. )<br>_____) | CIVIL NO. 07-73 |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify Attorney Nancy D'Anna ("Attorney D'Anna")as counsel for Robert and Mary Elizabeth Melnik ("the Melniks"). As the basis for this motion, Plaintiff alleges that Attorney D'Anna has personal knowledge of the material facts in the case and that she could be a potential witness in the case who Plaintiff intends to depose and possibly call as a witness at trial.

On or about June 24, 2005, the Plaintiff and the Melniks executed a contract for the completion of  construction of a home at 6Y-6A Hansen Bay, St. John, Virgin Islands ('the house"). Each party claims the other breached the contract and has sued and countersued each other. Plaintiff, in his affidavit in support of this motion states that he had frequent meetings, telephone conversations and exchange of emails with Attorney D'Anna regarding the work he was performing on the house from about July 2005 through September 2006. He further averred that he received numerous checks from Attorney D'Anna totaling in excess of $135,000 for the work he performed on the house. He further averred that Attorney D'Anna provided legal advice

Grammar v. Melnik, et al.
Civil No. 07-73
Memorandum and Order
Page 2 of 4

to him regarding revisions to the contract he had with the Melniks.  Finally, he avers that it is his belief that Attorney D'Anna has knowledge regarding: (1) the scope of the work under the contract and subsequent agreements to the contract, (2) supporting documentation for the checks written to him from her bank account and the reasons she wrote the checks and (3) the formation of, and revisions to, the contract.

On the other hand, Attorney D'Anna avers that she was initially retained by the Melniks in 2004 and has represented them in various matters since that time.  She further avers that in her role as counsel for the Melniks, she has held funds for them in her escrow account and has, on the Melniks authorization, disbursed monies to Plaintiff for work he performed on the house.  Attorney D'Anna further avers that Mr. Melnik provided her a copy of a contract drafted by the Plaintiff which she reviewed, discussed with her client and made changes consistent with her discussion with her client.  She further avers that the contract was then given to the Plaintiff and she had no discussions with him regarding the contract.   Further, Attorney D'Anna avers that any emails she may have received from the Plaintiff were also copied to the Melniks and any conversation she may have had with Plaintiff were at the behest of her client advising the Plaintiff to document costs his claimed to have incurred correcting work of a prior contractor.  Finally, Attorney D'Anna avers that her knowledge of the events regarding the house was learned during the course of her representation of the Melniks and are protected by the attorney-client privilege.

...
...
...
...

Grammar v. Melnik, et al.
Civil No. 07-73
Memorandum and Order
Page 3 of 4

## DISCUSSION

A motion to disqualify counsel requires the court to balance the right of a party to retain counsel of this choice and the substantial hardship which might result for disqualification as against the public perception of and the public trust in the judicial system.  *Lamb v. Pralex Corporation*, 46 V.I. 213, 216 (D. V. I. 2004).  The underlying principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings; the purpose of granting such motions is to eliminate the threat that the litigation will be tainted. *Id.*  The district court's power to disqualify an attorney is derived from its inherent authority to supervise the professional conduct of attorneys appearing before it. *Id*.

Rule 3.7(a) of the ABA Model Rules of Professional Conduct provides in pertinent part that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."   Where the party seeking disqualification is also the one wanting to call the attorney as a witness, the court must be especially sensitive to the potential for abuse.  *Gordon v. Betchel International*, 2001 WL 1727251 *5  (D. V.  I., December 28, 2001) quoting *LeaseAmerica Corp. v. Stewart,* 876 P.2d 184, 191 (D. Kan. 1994).  The party seeking disqualification must establish that the testimony is material and may only be gotten from this particular witness. *Gordon v. Betchel International* at *5.  The attorney disqualification rule is applicable only if the attorney's testimony is necessary;  the opponent's intention to call the attorney as a witness is not grounds for disqualification. *Id*.    Finally, Rule 3.7(a) is only applicable to trial and the attorney may continue to represent the client up to trial. *Id.*

Grammar v. Melnik, et al.
Civil No. 07-73
Memorandum and Order
Page 4 of 4

      Here, Plaintiff alleges that Attorney D'Anna's testimony would be sought regarding (1) the scope of the work under the contract and subsequent agreements to the contract, (2) supporting documentation for the checks written to him from Attorney D'Anna's bank account and the reasons she wrote the checks and (3) the formation of, and revisions to, the contract between him and the Melniks. Although the court finds that the information Plaintiff seeks may be material to Plaintiff's case, the court also finds that the information Plaintiff seeks to solicit testimony from Attorney D'Anna can be readily obtained from others sources, namely, the Melniks and to the extent that Attorney D'Anna has factual information not subject to the claim of privilege and work product, she may be subject to discovery. However, the court concludes that Attorney D'Anna's limited contact with the Plaintiff prior to this case and contacts with the Plaintiff regarding this case, as described in Attorney D'Anna's affidavit, do not support a finding to disqualify Attorney D'Anna as the attorney for the Melniks.

      For the foregoing reasons, Plaintiff's Motion to Disqualify Attorney D'Anna as the attorney for the Melniks is **DENIED**.

DATED: August 1, 2008                       S\_____
                                                         GEOFFREY W. BARNARD
                                                         U. S. Magistrate Judge

ATTEST:
WIFREDO F. MORALES
Clerk of Court